# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**United States of America,**

                Plaintiff,

**v.**

**D-1 Talal Abbas,**

                Defendant.

_____ /

No. 18-20771

**Hon. Robert H. Cleland**

**Offense(s):**
18 U.S.C. § 641
Government Program Fraud
**Maximum Penalty:**
5 years (Count 1)
**Maximum Fine:**
Not to exceed $250,000
**Mandatory Supervised Release:**
Up to 3 years

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Talal Abbas and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Information, which charges him with government program fraud, in violation of 18 U.S.C. § 641.

    B. **Elements of Offense**

    The elements of Count One are as follows:

1.      The defendant knowingly stole, or converted to his own use, money with the intention of depriving the owner the use or benefit of the money.

2.      The money belonged to the United States.

3,      The value of the money was more than $1,000.00.

C.      **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

1.      From at least January 2011 to December 2016, defendant owned and operated Al-Mona Market (the market), located in Dearborn, Michigan, in the Eastern District of Michigan;

2.      During the above period, the market was authorized to accept Supplemental Nutrition Assistance Program (SNAP) benefits (formerly known as food stamp benefits) and Women, Infants, and Children (WIC) benefits, which can only be used to purchase certain eligible food items. SNAP and WIC benefits were funded through the United States Department of Agriculture (USDA) through its Food and Nutrition Services Agency (FNS).

3.    As a participating food retailer in the SNAP and WIC programs, the market had on its premises a computerized Electronic Benefit Terminal (EBT) to process electronic benefit transactions under the SNAP and WIC;

4.    Beginning in or about January 2011 and continuing through in or about December 2016, defendant devised a scheme to defraud the USDA and FNS by directly purchasing SNAP and/or WIC benefits from SNAP and/or WIC benefit recipients (SNAP/WIC beneficiaries) in violation of program regulations.  Defendant did this by giving SNAP and/or WIC beneficiaries cash, and/or non-eligible food items for their SNAP and/or WIC benefits at a discounted rate; that is, defendant purchased SNAP and/or WIC benefits from SNAP and/or WIC beneficiaries for less than 100% of their value, and then obtained 100% of their value from FNS by fraudulently processing the transactions, through the EBT at the market, as though defendant had sold eligible food items to the SNAP and/or WIC beneficiaries at the market and was eligible for reimbursement;

5.    Defendant either conducted the above described fraudulent SNAP and/or WIC transactions himself or had employees conduct them while acting under defendant's direction.

6.    Every SNAP and WIC transaction through the EBT at the market resulted in the transmission of electronic data, by wire, from the State of

Michigan to the state of Texas, and generated return transmissions from Texas to Michigan;

7.     When defendant and his employees acting under his direction conducted themselves, as described above, defendant knew that federal law prohibited the sale of SNAP and/or WIC benefits for cash and fraudulently disguised the purchase of SNAP and/or WIC benefits as the purchase of eligible food items.

8.     For purposes of this plea agreement and for sentencing, the parties stipulate that the fraudulent transactions referenced above amounted to $966,471.07 (WIC - $963,709.29 and SNAP - $2,761.78).

2.    **Sentencing Guidelines**

    A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is 24 - 30 months (offense level 17, criminal history category I), as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 24 - 30 months, the higher guideline range becomes the **agreed range**. The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached

worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the mid-point of the sentencing guideline range as determined by Paragraph 2B.

B.   **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D.   **Fine**

There is no agreement as to fines.

E.    **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct. The victims and the full amounts of restitution in this case, are as follows:

Department of the Treasury, $966,471.07 and,

State of Michigan, $213,248.38.

F.    **Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 641, as alleged in Count One of the Information.

The defendant agrees that his agreement to forfeiture includes forfeiture of his interest in the following (hereinafter "Subject Property"): $9,380 in U.S. Currency seized from 5244 Neckel Street, Dearborn, Michigan.

In addition, defendant agrees to a forfeiture money judgment in favor of the United States in the amount of Nine Hundred and Sixty-Six Thousand, Four  Hundred and Seventy-One Dollars and Seven ($966,471.07).  The

- 7 -

defendant agrees that this amount represents the value of criminal proceeds that he personally obtained as a result of his violation of Count One of the Information.  The parties agree that the forfeiture money judgment shall be reduced by the net value of any property forfeited under a final order of forfeiture in this case, or any related administrative forfeiture proceeding, after adjudicating third party petitions, and reducing for costs and maintenance expenses.

The defendant agrees to stipulate to and not oppose the entry of a Preliminary Order of Forfeiture regarding the forfeiture money judgment and property to be forfeited in this criminal proceeding.

Pursuant to 21 U.S.C. § 853(p) if, by any act or omission the defendant, any property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the defendant agrees to the forfeiture of any of his other real or personal property, up to the value of such unavailable assets.

In entering into the foregoing agreement with respect to forfeiture, the defendant expressly waives his right, pursuant to Federal Rule of Criminal

Procedure 32.2(b)(5), to have a jury determine the forfeitability of his interest in any property identified for forfeiture. The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to any identified forfeitable property to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant

will assist in obtaining a release of interest from any such other person or
entity.

4. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just
reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under
Fed. R. Evid. 410, and the government may use his guilty plea, any statement made
under oath at the change-of-plea hearing, and the factual basis statement in this plea
agreement, against him in any proceeding.

5. **Each Party's Right to Withdraw from This Agreement**

The recommendations in Paragraph 3 are not binding on the Court.
Defendant has no right to withdraw his guilty plea and the parties have no right to
withdraw from this agreement if the Court decides not to follow them.

6. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any
grounds. If the defendant's sentence of imprisonment does not exceed 30 months,
the defendant also waives any right he may have to appeal his sentence on any
grounds. If the defendant's sentence of imprisonment is at least 24 months, the
government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in
court.

7.    **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.    **Collateral Consequences of Conviction**

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences.

Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

9.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.     **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 04/24/2019. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

**MATTHEW SCHNEIDER**
United States Attorney


_____
**John K. Neal**
Assistant United States Attorney
Chief, White Collar Crimes


_____   4.24.19
**Stanley J. Janice**
Assistant United States Attorney



_____
**Adrianna N. Dydell**
Assistant United States Attorney



Date: 04/05/2019

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

**Doraid Elder**
Attorney for Defendant

4/24/19

Date

**Talal Abbas**
Defendant

4-24-19

Date

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base offense | 6 |
| 2B1.1(b)(1)(G) | More than $550,000 loss | 14 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**20**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.* ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.* ✓

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1. PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):                    **3 POINTS**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. *(See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)*

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. § 4A1.1(b)):                    **2 POINTS**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) *(see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2))* or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense *(see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A))*.

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):                    **1 POINT**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) *(see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2))* or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) *(see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B))*.  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).
\*\*   A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

## 4. TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.

**0**

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

**I**

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

# <u>WORKSHEET D (Guideline Range)</u>

## 1. (COMBINED) ADJUSTED OFFENSE LEVEL

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

20

## 2. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)

-3

## 3. TOTAL OFFENSE LEVEL

Enter the difference between Items 1 and 2.

17

## 4. CRIMINAL HISTORY CATEGORY

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

## 5. CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)

a. <u>Total Offense Level</u>: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



b. <u>Criminal History Category</u>: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



## 6. GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

24-30

months

## 7. STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why,



months

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

# WORKSHEET E (Authorized Guideline Sentences)

### 1. PROBATION (U.S.S.G. ch. 5, pt. B)

#### a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[×] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

#### b. Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ] 2. No more than 3 years (total offense level < 6).

#### c. Conditions of Probation (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

### 2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))

[×] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

### 3. IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

**(WORKSHEET E, p. 2)**

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐  1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒  2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐  3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐  4. The statute of conviction requires a minimum term of supervised release of _____ months.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

☐  1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☒  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $966,471.07_____.

☐  3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☒  4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $213,248.38_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐  5. Restitution is not applicable.

| Defendant: | TALAL ABBAS | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC 641 |

**(WORKSHEET E, p. 3)**

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table</u> (U.S.S.G. § 5E1.2(c)(3))

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $10,000 | $95,000 |

## 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

$100.00 for every count charging a felony ($400 for a corporation),
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.     [  ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 05/13