# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

  Plaintiff,

v.

Talal Abbas,

  Defendant.

Criminal No. 18-cr-20771

Hon. Robert H. Cleland

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, together with Defendant Talal Abbas ("Defendant"), individually and by and through his attorney, Doraid B. Elder, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1. The United States of America (the "United States") filed a Felony Information ("Information") on or around November 15, 2018, which charged Defendant with Count One, Federal Program Fraud in violation of 18 U.S.C. § 641. (ECF No. 1).

2. The Information includes forfeiture allegations providing notice to Defendant that, upon conviction of the offense charged in Count One of the Information, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting, or derived from proceeds obtained, directly or indirectly, as a result of said violations. The property to be forfeited includes, but is not limited to, the following: $9,380 in U.S. Currency. In addition, the United States intends to seek a forfeiture money judgment for the total amount of proceeds obtained by Defendant as a result of his offense.

3. On or about April 24, 2019, Defendant pleaded guilty to Count One of the Information.

4. In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to his violation of Count One of the Information.

5. The Defendant's agreement to forfeiture in his Rule 11 includes forfeiture of his interest in the following (hereinafter "Subject

Property"): $9,380 in U.S. Currency seized from 5244 Neckel Street, Dearborn, Michigan.

6. In his Rule 11, Defendant agreed to a forfeiture money judgment in favor of the United States in the amount of Nine Hundred and Sixty-Six Thousand Four Hundred and Seventy-One Dollars and Seven Cents ($966,471.07). The Defendant agreed that this amount represents the value of criminal proceeds that he personally obtained as a result of his violation of Count One of the Information. The parties agreed that the forfeiture money judgment shall be reduced by the net value of any property forfeited under a final order of forfeiture in this case, or any related administrative forfeiture proceeding, after adjudicating third-party petitions, and reducing for costs and maintenance expenses.

7. In his Rule 11, Defendant agreed to stipulate to and not oppose the entry of a Preliminary Order of Forfeiture regarding the forfeiture money judgment and property to be forfeited in this criminal proceeding.

8. In his Rule 11 Defendant agreed that, pursuant to 21 U.S.C. § 853(p) if, by any act or omission of the Defendant, any property

subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the Defendant shall forfeit any of his other real or personal property, up to the value of such unavailable assets.

9. In his Rule 11, the Defendant expressly waived his right, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), to have a jury determine the forfeitability of his interest in any property identified for forfeiture. The Defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

10. In his Rule 11, Defendant acknowledged that he understood that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea was accepted.

11. In entering into this agreement with respect to forfeiture, the Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

NOW THEREFORE, based on the Information, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c),

**IT IS HEREBY ORDERED** that a forfeiture money judgment in the amount of $966,471.07 is **GRANTED** and **ENTERED** against Defendant, in favor of the United States.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rules of Criminal Procedure 32.2(b)(4)(A) the forfeiture money judgment entered against Defendant in this Stipulated Preliminary Order of Forfeiture shall become final and effective at sentencing and shall be made part of Defendant's sentence and included in the Judgment. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1),

the forfeiture money judgment shall not be the subject of ancillary proceedings.

**THIS COURT FURTHER ORDERS** that the Subject Property, $9,380 in U.S. Currency seized from 5244 Neckel Street, Dearborn, Michigan, **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED.**

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with

the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property, in addition to entry of the forfeiture money judgment, shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third-party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that

addresses the disposition of any third party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

S/Adriana Dydell
Adriana Dydell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: April 24, 2019

Doraid B. Elder
Attorney for Defendant
1360 Porter Street Suite 200
Detroit, MI 48124
(313) 582-5800
doraidelderpc@gmail.com
[P57728]

Dated:

Talal Abbas
Defendant

Dated: 4-24-19

*******************************************

**IT IS SO ORDERED.**

Dated: APR 2 4 2019

Honorable Robert H. Cleland
United States District Judge

9