UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

            Plaintiff,

    **vs.**

**TALAL ABBAS,**

            Defendant.

_____/

CRIMINAL NO. 18-cr-20771

HON. ROBERT H. CLELAND
United States District Judge

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Talal Abbas pled guilty to the offense of Government Program Fraud, in violation 18 U.S.C. §641, as charged in a one-count Information. The defendant entered his plea pursuant to a Rule 11 Plea Agreement in which the parties calculated an advisory sentencing guideline range of 24 to 30 months *(Offense Level 17, Criminal History Category I),* based on a loss that exceeded $550,000. The probation department calculated an advisory sentencing range of 30 to 37 months *(Offense Level 19, Criminal History Category I).* The difference results from the fact that the probation department applied a 2 level leadership role enhancement, pursuant to USSG §3B1.1(c). For the reasons more fully set forth below, the government respectfully requests that the Court impose a sentence

1

within the range of 24-30 months, as recommended by the parties.

## I. FACTUAL BACKGROUND

Defendant Talal Abbas was the owner of the Al-Mona Market, located in Dearborn, Michigan. He purchased the market from his brother in 2012. However, the defendant did not list himself as the owner of the market, instead placing the business in the name of his mother. This allowed the defendant and members of his family to apply for and receive personal welfare benefits.

During an approximate six-month period beginning in June 2015, individuals acting under the direction of USDA-OIG agents engaged in 22 transactions at the Al-Mona Market in which they exchanged SNAP and WIC benefits for cash and unauthorized items. The investigation disclosed that the defendant, as well as his wife, his mother, and 3 of his children, engaged in fraudulent SNAP and WIC transactions.

The parties agree that the total loss for resulting from the fraudulent SNAP and WIC transactions for purposes of calculating the applicable sentencing guideline range is between $550,000 and $1,500,000. The government calculated the loss at $966,709.29, by comparing SNAP and WIC redemptions at the Al-Mona Market with redemptions at similar stores in the area.

For purposes of restitution, the defendant is also responsible for personal

benefit fraud in the amount of $248,680.49. The total amount of restitution owing is $1,215,389.78 ($966,709.29 WIC and SNAP fraud plus $248,680.49 personal benefit fraud).

## II. SENTENCING GUIDELINES

The parties calculated an advisory sentencing guideline range of 24 to 30 months *(Offense Level 17, Criminal History Category I).* The probation department calculated a sentencing range of 30 to 37 months *(Offense Level 19, Criminal History Category I).* The difference results from the fact that the probation department applied a 2 level, leadership role enhancement, pursuant to USSG §3B1.1(c).

The government considered the defendant's role in the offense during plea negotiations. The defendant, his wife, his mother, and 3 of his children participated in the exchange of SNAP and WIC benefits for cash and ineligible items. While the role of defendant was clearly more significant than that of other family members who also participated in the fraud, the government considered his role as more collaborative than directive.

## III. SECTION 3553(a) SENTENCING FACTORS

### A. History and Characteristics of the Defendant

The defendant, age 51, immigrated to the United States approximately

3

11 years ago. He is married and has fathered 4 children who range in age from 23 to 15.

Talal Abbas is a naturalized United States citizen, having obtained his citizenship in 2014. He currently resides with his spouse and four children, some of whom were also involved in the instant offense.

The instant offense is the defendant's first criminal conviction. However, during the commission of the offense of conviction, he was also engaged in personal welfare benefit fraud.

The defendant's was educated in Lebanon. There, he completed high school. He subsequently completed a one-year program in which he earned a teaching certificate. However, that certificate did not qualify the defendant to teach in the United States.

The defendant has a history of relatively steady employment since immigrating to the United States. For 7 years, he operated the Al-Mona Market. However, it is there that he engaged in the conduct that resulted in the present charge. He is currently employed at a bakery.

**B.    Seriousness of the Offense**

The offense of conviction is very serious. The defendant participated in a scheme to defraud the government in which he and other family members

exchanged more than $900,000 in SNAP and WIC benefits for cash and ineligible items. The present offense was not a single instance of unlawful conduct. Rather, the defendant made numerous individuals decisions over a multi-year period to engage in government program fraud.

During the same time-period, Talal Abbas engaged in additional fraud. He placed the store in his mother's name, which allowed him to apply for and obtain personal welfare benefits that, over a period of years, totaled nearly a quarter of a million dollars.

The defendant suggests that his criminal conduct was largely a product of his desperation in dealing with the financial difficulties that he faced after immigrating to this country. The government believes that argument is misplaced. While the defendant may have faced significant financial challenges when he came to the United States, it does not in any way excuse or mitigate his criminal conduct. This country provides a very generous safety net, as demonstrated by the fact that the defendant and his family received nearly a quarter of a million dollars in personal welfare benefits during the period of time that they were engaging in SNAP and WIC fraud.

**C.    Deterrence**

The government believes that a custodial is necessary to deter both the

defendant as well as other prospective offenders. The defendant defrauded the government of funds that were intended to assist the poor. Offenses such as this seriously undermine the confidence of the American public in important social programs that are intended to assist the needy.

## V. CONCLUSION

The government believes that imposition of a custodial sentence within the terms of the negotiated Rule 11 Plea Agreement are an appropriate resolution of the matter. Accordingly, the government respectfully requests that the Court impose a custodial sentence within the range of 24-30 months (Offense Level 17, Criminal History Category I), and order the defendant to pay restitution in the amount of $1,215,389.78.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/ Stanley J. Janice*
Stanly J. Janice
Assistant United States Attorney
211 W. Fort, Suite 2001
Detroit, MI
Tel: 313.226.9740
Email: lee.janice@usdoj.gov

## CERTIFICATE OF SERVICE

I, Stanley J. Janice, certify that on September 4, 2019, I emailed a copy of the foregoing item to defense counsel, and the assigned probation officer as listed below:

Doraid B. Elder
Attorney at Law
1360 Poerter Street, Suite200
Dearborn, Michigan   48124
Email: doraidelderpc@gmail.com

Lukas W. Docherty
United States Probation Officer
For the Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Room 901
Detroit, Michigan 48226
Email: Lukas_Docherty@miep.uscourts.gov